**OLD BROMPTON ROAD, All Seeing Eye Music and Flyte Tyme Tunes, Plaintiffs,**

v.

**SOUTHERN COMFORT FOODS, INC. and Herbert Williams, Defendants.**

**GIRLSONGS, Sister Fate Music, Flyte Tyme Tunes, and Avant Garde Music Publishing, Inc., Plaintiffs,**

v.

**SOUTHERN COMFORT FOODS, INC. and Herbert Williams, Defendants.**

**Nos. C86–1956WD, C87–1604D.**

United States District Court, W.D. Washington.

June 23, 1988.

David N. Bruce and Harry H. Schneider, Jr., Perkins Coie, Seattle, Wash., for plaintiffs.

Paul Gillingham, Marston, Hodgins, Gillingham & Jones, Seattle, Wash., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

DWYER, District Judge.

This case was tried to the court on June 20, 1988. Having considered the pretrial order and the agreed facts set forth therein, the testimony and evidence adduced at trial, the exhibits admitted into evidence, the briefs and memoranda submitted by both plaintiffs and defendants, and the arguments of counsel, the court now makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

### JURISDICTION

1. This action for copyright infringement arises under the Copyright Law, Title 17 U.S.C., and jurisdiction is vested in this court by virtue of Title 28 U.S.C. § 1338(a).

### PARTIES

2. Plaintiffs are owners of valid copyrights in the musical songs which are the subject of this action, as set forth in Schedule A to these Findings of Fact and Conclusions of Law ("Schedule A").

3. Plaintiffs are members of the American Society of Composers, Authors and Publishers ("ASCAP"), a performing rights licensing organization.

4. ASCAP is one of three music licensing organizations in the United States which licenses nondramatic public performances of copyrighted musical works.

5. The musical songs in which members of ASCAP own copyrights commonly are collectively referred to as the ASCAP repertory.

6. On behalf of plaintiffs and more than 40,000 other members, ASCAP licenses music users, including hundreds of establishments similar to the one owned by defendants, whose owners desire to perform lawfully copyrighted songs in the ASCAP repertory.

7. Plaintiffs have granted to ASCAP a nonexclusive right to license nondramatic public performances of their copyrighted songs.

8. Southern Comfort Foods, Inc. is a Washington corporation, licensed and doing business in the Western District of Washington.

9. Defendant Southern Comfort Foods, Inc. did at the times hereinafter mentioned and still does own, control, manage, operate and maintain the place of business for public entertainment, amusement and refreshment known as Sidney's, which is lo-

cated at 2600 Second Avenue in Seattle, Washington.

10. Defendant Herbert Williams at all times hereinafter mentioned was and still is a resident of this district, and president of defendant Southern Comfort Foods, Inc., with primary responsibility for the control, management, operation and maintenance of the affairs of the corporation, and all acts described herein were done with his active assistance, cooperation, acquiescence and procurement.

### COPYRIGHT INFRINGEMENT

11. The six copyrighted musical compositions listed on Schedule A were performed publicly at Sidney's on the nights of August 30 and 31, 1986, and on September 2 and 3, 1987. The performances on September 2 and 3, 1987, have been admitted by defendants. In regard to the August 30 and 31, 1986, performances, defendant Herbert Williams and Lionel Mitchell, who has worked as a disc jockey at Sidney's, testified that the music-selection policy in effect on those dates would have precluded the use of the songs alleged. That testimony, however, appears to be based on an unclear recollection of when the music policy was changed. The plaintiffs' proof was clear, specific, and supported by contemporaneous written records, and the court finds that the infringing performances did occur.

12. The specific songs involved in this action and publicly performed by defendants are:

| Composition | Plaintiff |
| --- | --- |
| Sweet Love (aka With All My Heart) | Old Brompton Road |
| Party Freak | All Seeing Eye Music |
| Nasty | Flyte Tyme Tunes |
| Koo Koo | Girlsongs and Sister Fate Music |
| Pleasure Principle | Flyte Tyme Tunes |
| Fake | Flyte Tyme Tunes and Avant Garde Music Publishing Inc. |

13. At the times of the performances on August 30 and 31, 1986, and September 2 and 3, 1987, the plaintiff named in each of the six causes of action was the owner of a valid copyright in the specific song named, as set forth in Schedule A.

14. At the times of performances on August 30 and 31, 1986, and September 2 and 3, 1987, defendants did not have permission from either the copyright owners or ASCAP to perform the songs listed in Finding of Fact 12.

15. Defendants' failure to obtain permission to perform the songs listed in Finding of Fact 12 renders defendants' performances actionable as acts of copyright infringement under 17 U.S.C. §§ 501–505.

16. Copyrighted songs in the ASCAP repertory were performed publicly without permission of the copyright owners by defendants at Sidney's on an unknown number of occasions from 1985 to the present, in addition to the performances on August 30 and 31, 1986, and September 2 and 3, 1987.

### LIABILITY OF DEFENDANTS

17. At all relevant times, and specifically on August 30 and 31, 1986, and September 2 and 3, 1987, defendant Williams derived direct financial benefit from the operations of Southern Comfort Foods, Inc. and Sidney's, and had primary responsibility for the control, management, operation and maintenance of the affairs of Southern Comfort Foods, Inc. and Sidney's.

18. At all relevant times, and specifically on August 30 and 31, 1986, and September 2 and 3, 1987, defendant Williams had the right and ability to prevent the infringements at issue from occurring, either by obtaining permission from the copyright owners or a license from ASCAP.

19. Defendant Williams is personally liable, jointly and severally, for infringement of the copyrights in the songs listed in Finding of Fact 12.

20. Southern Comfort Foods, Inc. derived direct financial benefit from the operations of Sidney's and, together with defendant Williams, exercised responsibility for the control, management, operation and maintenance of its affairs. Together with defendant Williams, defendant Southern Comfort Foods, Inc. exercised control over Sidney's decision not to obtain permission to perform copyrighted songs in the ASCAP repertory. The fact that the operation of Sidney's may have been unprofit-

able does not affect the legal liability of the corporation.

21. Defendant Southern Comfort Foods, Inc. is liable, jointly and severally, for infringement of the copyrights in the songs listed in Finding of Fact 12.

## WILLFULNESS

22. Defendants were aware and had reason to believe that their public performances of copyrighted songs in the ASCAP repertory without permission would constitute infringements of copyright. Defendants' infringements were willful within the meaning of 17 U.S.C. § 504(c)(2).

23. Defendants knew well before August 30 and 31, 1986, that copyrighted songs could not be performed lawfully without first obtaining permission of the copyright owners.

24. Prior to the commencement of the *Old Brompton Road, et al. v. Southern Comfort Foods, Inc. et al. ("Old Brompton")* action, ASCAP and its representatives repeatedly contacted defendants to: (a) offer them a license which would have authorized public performance of all of the songs in the ASCAP repertory; and (b) inform them that the public performance of copyrighted songs in the ASCAP repertory without license or permission obtained directly from the copyright owners constitutes infringement of copyright under the Copyright Law. The evidence shows numerous contacts by the ASCAP District Office with defendants, including letters addressed to defendants, memoranda of personal visits, and telephone calls to defendants and Sidney's.

25. The number and content of ASCAP's various communications to Williams and Southern Comfort Foods, Inc., were more than sufficient to inform defendants of their obligations under the Copyright Law.

26. In addition, defendants obtained a license to perform copyrighted music from Broadcast Music, Inc. in October of 1986, thereby further demonstrating their knowledge and understanding of their obligations under the Copyright Law.

27. Defendants made a business decision to reduce operating expenses by not paying, or by at least delaying payment, for the right to perform lawfully copyrighted songs in the ASCAP repertory.

28. In regard to *Girlsongs et al. v. Southern Comfort Foods, Inc. et al.,* defendants continued to infringe after the prior action was filed, which put them on further notice of their liability under the Copyright Law.

## DEFENSES

29. Defendant Southern Comfort Foods, Inc. has not filed an answer in either of these consolidated cases. Defendant Herbert Williams has answered only in the *Old Brompton* case. Mr. Williams' answer does not plead affirmative defenses.

30. Nevertheless, at trial defendants contended that they had sent a check in 1987 to an organization calling itself ASCAP. The alleged payment to this organization, which apparently was operating fraudulently, is irrelevant because it was made after the infringing performances of September 2 and 3, 1987, occurred. The findings as to willfulness and lack of permission are unaffected by the alleged payment to the fraudulent organization.

31. Defendants admit in the Pretrial Order that they have not obtained permission to perform the six compositions. (*See* Pretrial Order, ¶¶ 8 and 10.)

## DAMAGES

32. Plaintiffs have sustained damages of an incalculable amount as a result of defendants' infringements.

33. By avoiding payment of current license fees and settlement of these actions, defendants have attempted to realize an economic advantage, and, as a consequence, have deliberately continued to infringe rather than pay for permission to perform copyrighted songs.

34. At all times relevant, an ASCAP license was available to defendants which would have granted them permission to perform any, some, or all of the copyrighted songs in the ASCAP repertory.

35. Had defendants chosen to obtain an ASCAP license, they would have paid approximately $2,031 in license fees.

36. Defendants have never paid any license fees to ASCAP.

37. The following award of statutory damages is appropriate in light of the circumstances presented, including the fact that defendants will be held liable for attorney fees and costs as well: $1,000 for each of the three infringements in the *Old Brompton* action and $2,000 for each of the three infringements in the *Girlsongs* action, or a total of $9,000.

## ATTORNEYS' FEES

38. Plaintiffs are entitled to recover from defendants their taxable costs and reasonable attorneys' fees, as part of their costs.

## INJUNCTIVE RELIEF

39. Defendants' continued operation of their establishment, willfully offering musical entertainment without permission or a license for several years, warrants a finding that future infringements are threatened.

40. Plaintiffs have no adequate remedy at law and will suffer irreparable loss, injury and damage by virtue of defendants' continuing copyright infringements if plaintiffs are not granted injunctive relief.

## CONCLUSIONS OF LAW

### JURISDICTION

1. The court has jurisdiction over defendants and over plaintiffs' claims for infringement under the Copyright Law.

2. Plaintiffs are joined properly pursuant to Fed.R.Civ.P. 20.

### COPYRIGHT INFRINGEMENT

3. Defendants' unauthorized public performances of plaintiffs' songs at Sidney's on August 30 and 31, 1986, and September 2 and 3, 1987, constituted actionable, willful infringements of plaintiffs' copyrights under the Copyright Law, 17 U.S.C. §§ 106, 116 and 501.

4. Defendants infringed copyrighted songs of plaintiffs and other ASCAP members on numerous other occasions prior and subsequent to the infringements at issue in this action.

5. Southern Comfort Foods, Inc. and defendant Williams are liable, jointly and severally, for copyright infringement.

6. Based on the credible evidence at trial, defendants have no meritorious defenses.

7. In accordance with 17 U.S.C. §§ 504 and 505, the court is authorized to set statutory damages from $250 to $50,000 for each infringement of plaintiffs' six copyrighted musical compositions, to grant injunctive relief, and to award plaintiffs their costs, including reasonable attorneys' fees.

8. In the exercise of the court's discretion, based on the credible evidence at trial, plaintiffs are entitled to the following damages: $1,000 for each of the three infringements in the *Old Brompton* action, and $2,000 for each of the three infringements in the *Girlsongs* action, or a total of $9,000.

9. Plaintiffs are entitled to their taxable costs and reasonable attorneys' fees.

10. Plaintiffs are entitled to a permanent injunction.